IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENIYA NAKEIDRA SMITH,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4215 |
| | : | |
| **SIERRA THOMAS-STREET,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**BARTLE, J.**                                                                                   **AUGUST  29, 2024**

Currently before the Court is a Complaint filed by Plaintiff Deniya Nakeidra Smith, a self-represented litigant, in which she raises claims against judges, attorneys, and a mortgage servicing company arising out of a mortgage foreclosure proceeding that was filed against her in the Philadelphia Court of Common Pleas.  Smith seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Smith's claims derive from a mortgage foreclosure action filed on June 15, 2023 by Carrington Mortgage Services, LLC ("Carrington"), against her and the Ase Family Trust regarding a mortgage loan that Smith took on property at 5324 West Columbia Avenue in Philadelphia.  (Compl. at 1 (referring to "Lower Court Case No. 230601442").); *see also*

---

[1] The following allegations are taken from the Complaint and public records of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*Carrington Mortgage Servs. LLC v. Smith*, No. 230601442 (C.P. Phila.).[2]  The docket for the case lists the Honorable Sierra Thomas-Street and the Honorable Damaris Garcia as assignment judges and the Honorable Abbe Fletman and the Honorable Joshua Roberts as Team Leaders. *Carrington Mortgage Servs. LLC v. Smith*, No. 230601442 (C.P. Phila.).  The Honorable Lisette Shirdan-Harris, as Administrative Judge of the Trial Division signed a case management order issued in the case, and the Honorable Daniel J. Anders also presided over the case for purposes of granting Smith leave to proceed *in forma pauperis* on September 22, 2023.  *Id.*  The docket lists Christopher A. Denardo, Samantha Gable, and Heather S. Riloff as counsel for Carrington. *Id.*

On May 21, 2024, a default judgment was entered in favor of Carrington in the amount of $194,021.87 because Smith and the Ase Family Trust failed to answer the complaint in the required time.  *Id.*  On June 11, 2024, Carrington, through its attorneys, filed a praecipe for a writ of execution to execute against the property listed in the complaint to satisfy the judgment.  *Id.*  Smith appealed on June 20, 2024.  *Id.*  She filed a "motion to stay proceedings" on August 23, 2024.  *Id.*

In the meantime, Smith filed the instant lawsuit on August 14, 2024 against:  (1) Judges Thomas-Street, Anders, Fletman, Garcia, Roberts, and Shirdan-Harris (together the "Judicial Defendants"); (2) Carrington; and (3) Attorneys for Carrington Riloff, Denardo, and Gable (together "Attorney Defendants").  (Compl. at 1-2.)  Smith alleges that she "filed Certificates of

---

[2] Smith unsuccessfully tried to remove the foreclosure case to this Court on several occasions and was ultimately enjoined from further removal efforts.  *See Carrington Mortg. Servs. LLC-Duns & Broadstreet #939795238 v. Smith*, No. 23-3729, 2023 WL 6881053, at *1 (E.D. Pa. Oct. 18, 2023).  A copy of the foreclosure complaint can be found in her prior cases.  *See Carrington Mortgage Servs. LLC-Dunns & Broadstreet #939795238 v. Smith*, Civ. A. No. 23-3376 (ECF No. 2-1).

2

Equitable Titles to certain accounts relating to Religious Real Property located at 5324 West Columbia Avenue Philadelphia Pennsylvania into the Ase Family Trust," which she alleges owns the property. (*Id.* at 2, ¶ 7.) According to Smith, the Ase family uses the property "principally for religious worship" so the property is "exempt from taxation under both federal and state law." (*Id.* at 2, ¶ 8.) She claims Judge Thomas-Street "has levied a property tax amounting to $194,021.87" on the property in violation of the constitution, which the Court understands to be a reference to the default judgment entered in the foreclosure proceeding. (*Id.* at 2, ¶ 9.) Smith further alleges that she responded to the judgment by filing various document in the foreclosure case to which the Defendants did not respond. (*Id.* at 2, ¶ 10.)

Based on those allegations, Smith brings claims for violation of her constitutional rights and a claim for an alleged violation of 18 U.S.C. § 247.[3] (*Id.* at 3, ¶¶ 13-6.) Smith primarily seeks a declaration that her rights were violated and an injunction "barring Defendant(s) from levying taxes on the non-commercial properties held by the Ase Family Trust for the Religious purposes of Ase Family of Peace." (*Id.* at 3.) Smith also attached exhibits to her Complaint, (ECF No. 2-1), specifically:

1. A deed reflecting that she granted title of the property at 5324 West Columbia Avenue to the Ase Family Trust on March 27, 2023, less than two months before the foreclosure action was filed, (ECF No. 2-1 at 2-10);

2. A mortgage that Smith took on the property in 2021 that is the subject of the foreclosure action, (*id.* at 11-33);

---

[3] Smith also brings a claim that she titles "Usurpation of Office and Acting Outside Official Capacity," which appears to be intended as a basis for arguing that the Judges acted outside their authority. (*Id.* at 3, ¶ 15.)

3

3. A document titled "Certificate of Equitable Title" dated March 27, 2023, certifying that "legal, fee simple, equitable ownership" of the property is held by the Ase Family Trust, and which describes Smith as the "Previous Owner" of the property as well as the "Current Owner/Donee" and the "Equitable Owner- smith, deniya nakeidra- National and Citizen of Ase Family Trust, non-citizen National of the United States, native Moorish Pennsylvanian," (*id.* at 34-35);

4. A document tilted "Conveyance of Property" also dated March 27, 2023 purporting to transfer the property to the Ase Family Trust as "Church Property-within constitutional exemption from taxation," in which Smith is identified as the "Grantor/Donor" and the Ase Family Trust is identified as the "Trustee/Grantee/Donee," (*id.* at 36);

5. Documents Smith describes as "additional *trust res* of the Deniya Nakeidra Smith Living Trust currently in the property of the Defendant," (*id.* at 1), comprised of a redacted copy of Smith's birth certificate, a faded document from the Pennsylvania Department of Health, a UCC financing statement that Smith filed on April 14, 2023 listing herself as a secured party, and a "plea of tender" and "Notice of Adequate Assurance of Performance and Settlement" that it appears she filed in the state foreclosure action, (*id.* at 37-44); and

6. A document Smith describes as "Bailor's Letter Patent outlining the conditions and stipulation regarding the management and disposition of the trust res" (*id.* at 1) titled "U.S. Treasury – 'Letter of Credit' in Honor No. PD-01," which appears to have been mailed to the United States Bankruptcy Court in the Southern District of Iowa and the relevance of which to the instant case is unclear, (*id.* at 45).

## II.  STANDARD OF REVIEW

The Court grants Smith leave to proceed *in forma pauperis* because it appears that she does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, --- F.4th ---, 2024 WL 3820969 (3d Cir. Aug. 15, 2024).  Conclusory and unsupported allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Smith is proceeding *pro se*,

the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

### III.   DISCUSSION

#### A. Standing

"Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654. "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). "To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a

6

legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (*per curiam*) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "'For an injury to be "particularized," it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1.). Although a trustee may sue on behalf of a trust when the trust it the true party in interest, the trustee may not do so on a *pro se* basis and, rather, "need[s] to retain counsel." *Marin v. Leslie*, 37 F. App'x 217, 219-20 (3d Cir. 2009) (*per curiam*).

     Smith's current relationship to the Ase Family Trust is unclear, but her Complaint and Exhibits establish that she transferred whatever interest she had in the property to the Ase Family Trust and that the trust is the true party in interest. The crux of Smith's claims in this case is that the Ase Family Trust was improperly subjected to a "tax" as a result of the default judgment entered against it in the foreclosure action because it operates as a church and, thus, is entitled to an injunction "barring Defendant(s) from levying taxes on the non-commercial properties held by the Ase Family Trust for the Religious purposes of Ase Family of Peace." (Compl. at 3.) Smith may not bring these claims on behalf of the Trust on a *pro se* basis. That is so even if she is a proper trustee, which, again, is not clear from her documentation. Accordingly, these claims, including the claims for prospective injunctive relief, are dismissed without prejudice. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (explaining "that a corporation may appear in the federal courts only through licensed counsel" and that "the rationale for that rule applies equally to all artificial entities"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported

'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.").

### B. Smith's Claims

To the extent the Complaint can be understood to raise claims on Smith's own behalf related to the foreclosure action, in which she is named as a defendant, those claims must be dismissed. Notably, Smith's claims are predicated on her recasting the default judgment entered against her as a "tax," but the creative use of language does not equate to a lawful basis for a claim.[4] In any event, Smith's claims fail for the additional reasons set forth below.

#### 1. Claims Under 18 U.S.C. § 247

Smith invokes 18 U.S.C. § 247 a basis for one of her causes of action. (Compl. at 3, ¶ 16.) That statue criminalizes damaging religious property and obstructing individuals from freely exercising their religion. However, criminal statutes generally do not give rise to a private cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Indeed, courts have rejected the notion that § 247 contains a private right of action. *See, e.g.*, *Sirleaf v. Clarke*, No. 18-311, 2020 WL 1269787, at *13 (E.D. Va. Mar. 16, 2020) ("However, 18 U.S.C. § 247 is a federal criminal statute that does not provide a private

---

[4] Further, to the extent Smith relies on Moorish or Sovereign theories to pursue relief in this case, her claims are frivolous. *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *see also Ibrahim v. Att'y Gen.*, No. 21-1128, 2021 WL 3012660, at *2 (3d Cir. July 16, 2021) (describing argument based on Moorish heritage as "frivolous"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

cause of action."); *Walthour v. Herron*, No. 10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) (rejecting claims under § 247 and other criminal provisions because they do "not provide a private right of action under which Plaintiff may sue"); *Sordean v. United States*, No. 94-2387, 1995 WL 86548, at *2 (N.D. Cal. Feb. 24, 1995) (rejecting claim under § 247 because the court was "unwilling to imply a private right of action under Title 18"). Accordingly, this claim is legally baseless.

### 2. Constitutional Claims

The Court understands Smith to be bringing her constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Although the Complaint does little to explain the factual basis for Smith's claims against each Defendant, the only logical interpretation of the pleading is she is suing Carrington and the Attorney Defendants for filing and pursuing the foreclosure case against her in state court, and that she is suing the Judicial Defendants for how they adjudicated the foreclosure case.

#### a. Carrington and Attorney Defendants

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Whether a defendant is acting under color of state law depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third

Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Carrington, a private mortgage servicing company and its attorneys are not state actors. Indeed, the Third Circuit has explained that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Kamdem-Ouaffo v. Leblon*, 673 F. App'x 223, 226 (3d Cir. 2016) (*per curiam*) ("Private attorneys—like the attorney defendants here—generally do not qualify as state actors."). Furthermore, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Here, there is no basis from which the Court could conclude that Carrington and its attorneys acted under color of law in connection with their pursuit of the foreclosure action in state court. In sum, there is no plausible legal basis for a § 1983 claim against Carrington and the Attorney Defendants because they are not state actors subject to liability under the statute.

    b. **Judicial Defendants**

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity

extends to § 1983 claims for injunctive relief, since "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*per curiam*) (quoting 42 U.S.C. § 1983). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

The Judicial Defendants all presided over the foreclosure case at some point and clearly had jurisdiction over it, so they are entitled to absolute judicial immunity from claims based on their judicial and case management decisions, and their overall handling of the foreclosure case. *See, e.g.*, *Gochin v. Markowitz*, 791 F. App'x 342, 346 (3d Cir. 2019) (*per curiam*) ("Gochin's claims concern Judge Branca's performance in the foreclosure action, and '[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts'" (quoting *Azubuko*, 443 F.3d at 304)). Although "declaratory relief is available in some circumstances" despite judicial immunity, *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000), Smith seeks a declaration that her rights were violated in the past, which is not a proper basis for declaratory relief because declaratory relief is "prospective in nature," *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013). *See also Gochin*, 791 F. App'x at 346 (since declaratory relief is prospective in nature, plaintiff was "not entitled to a declaration that Judge Branca previously violated her rights in the forfeiture

action"). Accordingly, Smith has also failed to allege a legal basis for her claims against the Judicial Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Smith leave to proceed *in forma pauperis*, and dismiss her Complaint. The Court concludes that amendment would be futile because Smith cannot cure the defects in her claims. An Order follows, which dismisses this case.